UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID A. ELIAS,

       Plaintiff,                                       Hon. Ellen S. Carmody

v.                                                    Case No. 1:10-CV-239

ANNETTE KOSS, et al.,

       Defendants.

_____/


**OPINION**

This matter is before the Court on Defendants' Motion to Dismiss and Motion for Summary Judgment. (Dkt. #28). On August 17, 2010, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (Dkt. #24). For the reasons articulated below, Defendants' motion is **granted** and Plaintiff's action dismissed.


**BACKGROUND**

The following allegations are contained in Plaintiff's complaint and the supplement thereto. (Dkt. #1, 7). Plaintiff applied for a job as a postal carrier for the post office in Ada, Michigan. Plaintiff later received a written "call-in notice" from the Postmaster of the Ada post office. This notice stated, in part, "we would like to interview you" for the position of Rural Carrier Associate. The notice continued, "you will be contacted for an interview," but later stated, "contact Postmaster on 616-676-1088 by 04-17-07 for an appointment for an interview."

Plaintiff did not contact the Postmaster to schedule an interview and he was not contacted by the Postmaster or anyone else to schedule an interview. Plaintiff asserts that he "was not called-in for an interview" due to his "ethnicity [and] political affiliation." Plaintiff alleges that the Postmaster declined to interview him because she wanted to reinstate a previously terminated postal carrier "as well as other employees who were treated very differently."

Plaintiff initiated this action on March 8, 2010, against John Potter, Postmaster General of the United States Postal Service, and Annette Koss, Postmaster of the Ada, Michigan Post Office. Plaintiff alleges that Defendants' actions violated his rights under Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff alleges that Defendants unlawfully discriminated against him on the basis of "national origin" and "political affiliation." Defendants now move to dismiss Plaintiff's claim or, in the alternative, for summary judgment.

## **STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). As the Supreme Court stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545.

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion");

*Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**          **Plaintiff's Claims Against Defendant Koss**

Defendant Koss is the Postmaster for the United States Post Office in Ada, Michigan. She asserts that the proper defendant in an action alleging violation of Title VII is the head of the relevant governmental department, agency, or unit, in this instance the Postmaster General of the United States. *See* 42 U.S.C. § 2000e-16(c). Plaintiff has conceded this point and voluntarily dismissed his claims against Defendant Koss. (Dkt. #43, Dkt. #47).

**II.**         **Plaintiff's Claims Against the Postmaster General**

         A.      Political Affiliation Claim

As previously noted, Plaintiff asserted in his original complaint that Defendant Potter unlawfully discriminated against him on the basis of "national origin" and "political affiliation." Defendant asserts that alleged discrimination on the basis of political affiliation is not within the purview of Title VII. Plaintiff has conceded this point and voluntarily dismissed his claim that Defendant Potter unlawfully discriminated against him on the basis of political affiliation. (Dkt. #43, Dkt. #47).

-6-

B.  National Origin Claim

Plaintiff can demonstrate unlawful discrimination under Title VII by producing either direct or circumstantial evidence of discrimination. *See Doucet v. University of Cincinnati*, 2007 WL 2445993 at *4 (6th Cir., Aug. 28, 2007) (citing *DiCarlo v, Potter*, 358 F.3d 408, 414 (6th Cir. 2004)). As Plaintiff has not produced direct evidence of discrimination, his claim is analyzed under the familiar burden-shifting standard established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See Abdulnour v. Campbell Soup Supply Co., LLC*, 502 F.3d 496, 501 (6th Cir. 2007).

Pursuant to this analysis, Plaintiff must first establish a prima facie case of discrimination. To do so, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated individual outside his protected class. *See Doucet*, 2007 WL 2445993 at *4 (citing *Johnson v. University of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000)); *Abdulnour*, 502 F.3d at 501. If Plaintiff makes the requisite showing, Defendant must then articulate a legitimate non-discriminatory reason for the challenged action. *See Doucet*, 2007 WL 2445993 at *4 (citing *Johnson*, 215 F.3d at 572); *Abdulnour*, 502 F.3d at 501-02. If Defendant makes this showing, Plaintiff must prove "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Abdulnour*, 502 F.3d at 502.

1.  Plaintiff's Prima Facie Case

Defendant does not dispute that Plaintiff is a member of a protected class (Lebanese); was qualified for the postal carrier position for which he applied; and suffered an adverse employment action in so much as he was not selected for the position in question. Defendant asserts, however, that

Plaintiff "cannot establish the fourth element because he cannot demonstrate that he was treated less favorably than any similarly situated individual of a different national origin."

To be "similarly situated," an individual to whom Plaintiff is comparing himself "must 'have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it.'" *Gant v. Genco I, Inc.*, 274 Fed. Appx. 429, 434 (6th Cir., Apr. 16, 2008) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir., Apr. 16, 2008)).

In his complaint, Plaintiff asserts that he was treated less favorably than the following individuals: (1) Robert Foster; (2) Ed Knott; (3) Steven Hansen; (4) Stephan Van Huelan; (5) Tony Peckham; and (6) Kim Meyer. Defendant has submitted a copy of the "Hiring Worksheet" which identifies the twelve (12) individuals to whom an invitation of an interview for the position in question was extended. (Dkt. #29, Exhibits C; Dkt. #32, Exhibits Q1-Q4; Dkt. #33, Exhibits Q5-Q9; Dkt. #34, Exhibits Q10-11). This evidence reveals that of the six individuals that Plaintiff asserts received more favorable treatment, only one, Robert Foster, was offered an interview for the postal carrier position in question. *Id.* Plaintiff does not challenge the accuracy or completeness of these exhibits and, in fact, has included a copy of the Hiring Worksheet in the supplement he filed to his complaint. (Dkt. #7, Exhibits 6-7).

This evidence makes clear that Ed Knott; Steven Hansen; Stephan Van Huelan; Tony Peckham; and Kim Meyer were not similarly situated to Plaintiff, as they either did not apply for the position in question or, if they did apply, were not invited for an interview. As for Robert Foster, Defendant asserts that Foster "is not a comparative person because he responded to the call-in notice by calling in for an interview appointment" as instructed on the call-in notice he received. In support

of this assertion, Defendant has submitted an affidavit executed by Postmaster Koss in which she asserts that Robert Foster called to schedule an interview as instructed whereas Plaintiff failed to do so. (Dkt. #31, Exhibit K). Plaintiff offers no evidence to the contrary.

In light of this evidence, the Court finds that Plaintiff was not similarly situated to Robert Foster. Because Plaintiff has failed to demonstrate that he was similarly situated to any of the individuals who he alleges received more favorable treatment he cannot make out a prima facie case of discrimination. Thus, Defendant is entitled to summary judgment as to this particular claim. However, even if the Court assumes that Plaintiff can establish a prima facie case of discrimination, the result is the same as Defendant has submitted evidence that the decision to employ Foster and not Plaintiff was based on legitimate non-discriminatory factors. Moreover, Plaintiff has failed to demonstrate that Defendant's rationale is merely a pretext for discrimination.

2. Defendant's Legitimate Non-Discriminatory Reason

As previously noted, Defendant has submitted evidence that the reason Plaintiff was not offered a position as a postal carrier was because he failed to call the Postmaster to schedule an interview as instructed on the call-in notice he received. (Dkt. #31, Exhibit K). In her affidavit, Postmaster Koss asserts that of the twelve (12) individuals to whom a call-in notice was mailed, only six called to schedule an appointment as instructed. Of these six individuals, three accepted offers of employment, two were not selected, and one declined an offer of employment. *Id.* Again, Plaintiff offers no evidence to the contrary. The Court finds, therefore, that Defendant has demonstrated a legitimate non-discriminatory reason for not offering Plaintiff a position as a postal carrier.

3. Evidence of Pretext

As discussed above, once Defendant articulates a legitimate non-discriminatory reason for the conduct in question, the burden shifts back to Plaintiff to demonstrate "by a preponderance of the evidence" that Defendant's proffered non-discriminatory rationale was simply a pretext for discrimination. To satisfy his burden, Plaintiff must establish that Defendant's proffered rationale: (1) has no basis in fact; (2) did not actually motivate the challenged action; or (3) was insufficient to motivate the challenged action. *See Abnuldour*, 502 F.3d at 502; *Adebisi v. University of Tennessee*, 341 Fed. Appx. 111, 113 (6th Cir., July 15, 2009). Moreover, "conclusory allegations and subjective beliefs" are insufficient to demonstrate pretext. *Adebisi*, 341 Fed. Appx. at 113; *see also*, *Genco*, 274 Fed. Appx. at 435. As discussed below, Plaintiff has failed to demonstrate that Defendant's proffered rationale for not selecting him for a postal carrier position was merely a pretext for discrimination.

Plaintiff finds great significance in the fact that the call-in notice he received was on its face contradictory. As previously noted, the call-in notice Plaintiff received stated, "you will be contacted for an interview," but later stated, "contact Postmaster on 616-676-1088 by 04-17-07 for an appointment for an interview." Plaintiff appears to find in this ambiguity discriminatory intent. The Court disagrees. Defendant has submitted evidence that all twelve (12) people to whom an invitation of an interview was extended received identically worded call-in notices instructing the recipient that he or she "will be contacted for an interview," but also instructing the recipient to "contact Postmaster on 616-676-1088 by 04-17-07 for an appointment for an interview." (Dkt. #32, Exhibits Q1-Q4; Dkt. #33, Exhibits Q5-Q9; Dkt. #34, Exhibits Q10-11). Plaintiff does not dispute the accuracy of this evidence nor has he submitted any evidence to the contrary.

Plaintiff is correct that the call-in notice he (and the other eleven (11) candidates) received was poorly worded and contradictory on its face. However, the question before the Court is not whether the call-in notice Plaintiff (and the other candidates) received satisfies any particular grammatical standard. Instead, the question is whether Plaintiff can demonstrate that Defendant's assertion that Plaintiff was not selected for a postal carrier position because he failed to call-in to schedule an interview as instructed on the call-in notice is merely a pretext for discrimination. Plaintiff has made no such showing. The call-in notice Plaintiff received was identical to the call-in notice the other eleven (11) candidates received. While such may call into question the writing and/or editing ability of the individual who authored the call-in notice, it does not constitute evidence of pretext or discrimination. Plaintiff offers no other evidence concerning this prong of the analysis. The Court finds, therefore, that Plaintiff has failed to meet his burden to demonstrate that Defendant's proffered rationale is merely a pretext for discrimination.

## CONCLUSION

For the reasons articulated herein, <u>Defendants' Motion to Dismiss and Motion for Summary Judgment</u>, (dkt. #28), is **granted** and Plaintiff's action **dismissed**. An Order consistent with this Opinion will enter.

Date: March 1, 2011                                  /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge